UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIASEN DRAKE,<br><br>            Plaintiff,<br><br>      v.<br><br>M. DOOLEY,<br><br>            Defendant. | No.  2:15-cv-2166-EFB P<br><br>ORDER GRANTING IFP AND RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He has filed an application for leave to proceed in forma pauperis.

**I.    Request to Proceed In Forma Pauperis**

 Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Screening Order**

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it must be dismissed for failure to state a claim. Through the instant action, plaintiff seeks unspecified damages for the loss and/or damage to his "personal property" caused by unidentified "staff members." ECF No. 1, § IV.

/////

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff does not identify any specific claims for relief, but his allegations suggest that he wishes to state a claim for the loss of property without due process. As set forth below, the allegations fail to state a cognizable claim under the applicable standards.

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). The United States Supreme Court has held, however, that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California provides an adequate postdeprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."). Plaintiff cannot state a proper due process claim because he has an adequate post deprivation remedy under California law.

Because the deficiencies in plaintiff's claim cannot be cured by further amendment, the complaint must be dismissed without leave to amend. *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

**IV.   Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.

    2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 2, 2015.

                      EDMUND F. BRENNAN
                      UNITED STATES MAGISTRATE JUDGE